UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KINGSDALE PROPERTIES, L.L.C. an Oklahoma limited liability company | * * * | |
| Plaintiff, | * * | |
| VERSUS | * * | CASE NO. CIV-15-406-R |
| ASPEN SPECIALTY INSURANCE COMPANY | * * * | |
| Defendant | * * | |

## NOTICE OF REMOVAL

Defendant, Aspen Specialty Insurance Company, ("Aspen"), appearing herein through undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *"Kingsdale Properties, LLC, v. Aspen Specialty Insurance Company",* case no. CJ-2015-1780, on the docket of the District Court of Oklahoma County, State of Oklahoma. In support of its Notice of Removal, Defendant respectfully represents that:

1.

Plaintiff filed this suit on March 25, 2015 in the District Court for the County of Oklahoma, State of Oklahoma.

2.

This lawsuit is filed pursuant to a property insurance policy, no. PRA9CJ713, issued by Aspen to Plaintiff which generally provides coverage for certain properties

including those located at 435 SW 89th Street and Walker Avenue in Oklahoma City, OK, and 801 SW 119th Street in Oklahoma City, OK (collectively referred to as the "Properties"). With respect to the property located at 435 SW 89th Street and Walker, said policy affords $443,000 in coverage limits for the building, and $41,629 for business income. The 801 SW 119th Street contains four individual buildings with the following limits for the building: Building 1 - $1,293,000; Building 2 – 187,000; Building 3 - $1,239,000; and Building 4 - $187,000; and a combined business income limit of $431,319.[1]

3.

Plaintiff seeks payment for damages allegedly sustained to its Properties as a result of a hail storm which is alleged to have occurred and caused damage to the Properties in May 2013.[2] To the best of Aspen's knowledge, Plaintiff is seeking recovery for repairs to the roofing systems for the Properties. Plaintiff has also asserted claims against Aspen for Aspen's alleged bad faith in the handling of the Plaintiff's claim for which Plaintiff seeks recovery of punitive damages.[3] Plaintiff also seeks the recovery of attorney's fees. *Id.*

4.

Removal is based on 28 U.S.C. §1332 as the parties are completely diverse and, upon information and belief, the amount in controversy for the claims of Plaintiff exceed the sum of $75,000, exclusive of interests and costs.

---

[1] *See* Exhibit 1 – Petition, Aspen Policy Schedule of Locations at p. 12 of Exhibit 1.
[2] *See* Exhibit 1 - Petition, ¶ 22-26.
[3] *See* Exhibit 1 – Petition, ¶ 27-31 and the prayer for relief.

5.

Prior to the commencement of suit, Plaintiff submitted two roofing bids, one for each property location, and demanded full payment of each bid.[4] The bids are $234,782 and $55,356 respectively, and total $290,138. Aspen has not made any payments on this claim as the cause of the alleged damage is in dispute. Specifically, Aspen denies that any identifiable property damage, necessitating the claimed repairs, resulted from a covered loss under the terms of the policy. Considering Plaintiff's contractual claim for insurance proceeds in addition to the claims for penalties and attorney's fees for Aspen's alleged bad faith, the jurisdictional amount in controversy requirement is satisfied in this case.

6.

Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiff's Petition. Accordingly, it can be presumed that Plaintiff's damages exceed the minimum jurisdictional amount.

7.

Due to the nature of these alleged damages, it is facially apparent from the petition that the amount in controversy exceeds $75,000.

8.

Plaintiff is an Oklahoma Limited Liability Company.[5]

9.

Aspen is a foreign corporation organized under the laws of the state of North Dakota, with its principal place of business located in Boston, Massachusetts.

10.

Aspen received a courtesy copy of the Plaintiff's Petition on March 25, 2015, which was provided to undersigned counsel by counsel for Plaintiff.[6] Aspen is filing this Notice of Removal within 30 days of receipt of the Petition and this notice of removal is timely.

11.

Accordingly, this Court has jurisdiction over this matter under the provisions of 28 U.S.C 1332, and this matter is removed under the provisions of 28 U.S.C. 1441 and 1446.

12.

The Judicial District Court where the plaintiffs filed the Petition for Damages is located within the Western District of Oklahoma.  Therefore, venue is proper pursuant to 28 U.S.C. §1441(a) because it is the "district and division embracing the place where such action is pending."  See 28 U.S.C. §1441(a).

---

[4] *See* Exhibit 2 – Letter of July 21, 2014 from Plaintiff to Aspen and roofing repair bids, *in globo*.
[5] *See* Petition, ¶ 1.
[6] *See* Exhibit 3- Haupt e-mail dated March 25, 2015.

13.

No previous application has been made for the relief requested herein.

14.

Aspen has attached a copy of the Petition, State Court Docket Sheet, and Civil Cover Sheet as exhibits to this notice. This Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of court in the County where Plaintiff filed the Petition.

15.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendant, Aspen Specialty Insurance Company, hereby removes the above-entitled action from the District Court for the County of Oklahoma, State of Oklahoma to this, the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

BY: /s James P. Nader
_____
**JAMES P. NADER, OBA #32156**
400 Poydras St., Suite 2300
New Orleans, LA 70130
Telephone: (504) 586-9292
Facsimile: (504) 586-1290
jpn@lcba-law.com

*Attorney for Aspen Specialty Insurance Company*

### Certificate of Service

I hereby certify that on April 16, 2015, I transmitted the attached document to counsel for the Plaintiff via U.S. Mail.

/s James P. Nader
_____